We are forced to differ from some of the conclusions of our learned brother, ALLEN, J.
We are of the opinion that every society formed under the general act (chap. 319, Laws of 1848), is affected by the proviso in its sixth section. The enactment, and the proviso to it, are to be taken and construed together, and the meaning thus got is the true interpretation. (1 Kent, 463, n.b.)
Thus considered, the section: First, gives the capacity to takeany property, by devise or bequest, in any last will, ofany *Page 448 person; as general as it can be; secondly, it limits the generality of the phrase, "any property," by providing that the devise or bequest shall not exceed in clear annual income the sum of $10,000; thirdly, it limits the generality of the phrase, "any last will," by saying that it must be that of a person not leaving a wife, child or parent; or if he does leave such, that then the last will must devise or bequeath but one-fourth part of the estate after the payment of debts; fourthly, it limits the generality of the phrase, "any person," by saying that it must be one who has made his will more than two months before his death. Here are three limitations and restrictions, upon the general capacity to take conferred by the section. One is as valid and as operative as the others; for the right of the corporation to take, is the creature of municipal law, just as the right of the person to give, is its creature. And in ancient times no man who had wife or child, could dispose by will of more than half his personal property. The legislature, which has the power to say whether a corporation may take at all by devise or bequest, may say how much, from what person, under what circumstances of testamentary disposition. One restriction limits the quantity that may be taken; one the quantity that can be given; one the persons who may give. Yet they all affect the beneficiary, and limit its power of acquiring by devise or bequest. The charter of the respondent, The American Female Guardian Society, speaks in the plural, of restrictions. It refers to and embodies all of these, and is the same as if this section were written into it. Hence it is affected by that proviso.
Nor are we of opinion that the act of 1860 (chap. 360), relieves the respondent:
First. The charter of the respondent is a special act, confined in its operation to that one corporation. It being special, the special grant of franchise and power, it is not inconsistent with, nor repugnant to the act of 1860, which is general and applicable to corporations which get their franchises and powers from a general act. For the first, the legislature has definitely and specially fixed its powers and the *Page 449 
limits thereof. For the last, it has given them the right to the powers which are held out in general to all who choose to associate under a general law, and those powers are enlarged as the general law enlarges, for as they find the law of their life and its exertion in the general act, when it is changed that law is changed. Hence the charter of the respondent is not repealed nor modified by the act of 1860, either by implication or by the express clause of repeal in the second section.
Second. And we think that the act of 1860 does not repeal, either by implication or by express terms, that part of the proviso of section 6 which forbids the taking of a devise, in a will made not more than two months before death. The act of 1860 may be read with that section as though a part of it, without any want of harmony with the inhibition of making a will within two months of death. The act of 1860 makes a change in these particulars in the act of 1848. 1st. It provides for the case of a husband surviving, as well as a wife, child or parent. 2d. It provides that a devise or bequest shall not be in trust for, as well as directly to, a society. 3d. It permits and makes valid a devise or bequest of one-half of the estate after payment of debts, instead of one-fourth. It is not inconsistent with, nor repugnant to these provisions, that still there shall be no valid devise or bequest, of more than one-half in such case, unless the will be made more than two months before death. Will it be claimed that the act of 1860 has repealed the limitation upon the capacity of these corporations to take property, the clear annual income of which is more than $10,000? And if that limit may stand as not inconsistent nor repugnant, why may not the limit as to the time within which the will shall be made?
The legislature has often given a construction to the act of 1860 since its passage, by referring in acts to the sixth section of 1848, and recognizing it as continuing in operation. (See Laws of 1862, chap. 146, p. 313, § 3; of 1866, chap. 201, p. 392, § 7 [to be read in light of People v. Clute, 50 N.Y., 451,455-457]; 1867, chap. 122, p. 197, § 3.) *Page 450 
We think that the respondent cannot take the bequest given to it in the will.
In the other conclusions reached by our learned Brother, we concur.
All concur, except ALLEN, J., dissenting, for reversal of judgment below as to the bequest to the American Female Guardian Society; and judgment modified in other respects to meet such reversal; in accordance with the opinion of ALLEN, J., as to the rights of other parties.
Judgment accordingly.